1  PRESTON EASLEY, State Bar No. 108347
2  (maritime@earthlink.net)
   PETER YOVANOVICH, State Bar No. 305794
3  (max@prestoneasley.com)
   LAW OFFICES OF PRESTON EASLEY APC
4  2500 Via Cabrillo Marina, Suite 106
5  San Pedro, California 90731-7724
   Telephone:  (310)832-5315
6  Facsimile:   (310)832-7730
7
8  Attorneys for Plaintiff
           ABRAHAM CERVANTES
9
10
11             UNITED STATES DISTRICT COURT
12
13          SOUTHERN DISTRICT OF CALIFORNIA
14
15                                    Case No.:   **'25CV1500 DMS JLB**
                                      (In Admiralty)
16  ABRAHAM CERVANTES,
17                Plaintiff,
18         v.                         COMPLAINT FOR DAMAGES
19  UNITED STATES OF AMERICA,
20
21                Defendant.
22
23      COMES NOW PLAINTIFF ABRAHAM CERVANTES and complains of

24  defendant and alleges:

25  FIRST CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANT
26
27  UNITED STATES OF AMERICA
28

1.   At all times relevant herein plaintiff is and was employed as waysman by National Steel and Shipbuilding Company in San Diego, California.  Defendant UNITED STATES OF AMERICA negligently breached its duty to exercise due care under the circumstances to avoid exposing the plaintiff to harm from equipment under the active control of defendant UNITED STATES OF AMERICA during the repair operation.

2.   Defendant UNITED STATES OF AMERICA is a sovereign which has consented to be sued herein under the Suits in Admiralty Act, 46 USC Sec. 741-752; and the Public Vessels Act, 46 USC Sec. 781-790.

3.   The bases of federal jurisdiction are the Suits in Admiralty Act, 46 USC Sec. 741-752; the Public Vessels Act, 46 USC Sec. 781-790; and Admiralty, 28 U.S.C. Sec. 1333.  This is an action in admiralty pursuant to Rule 9(h).

4.   At all times relevant hereto plaintiff ABRAHAM CERVANTES was and is a resident of the City of San Diego, County of San Diego, State of California.

5.   At all times material hereto defendant UNITED STATES OF AMERICA owned, operated, crewed, controlled and managed the vessel USS ANCHORAGE (LPD-23), an amphibious transport dock, in coastwise, intercostal, and foreign navigation through the United States Navy.

6.   On or about May 20, 2025, while the USS ANCHORAGE (LPD-23) was pierside in navigable waters at the Naval Base, San Diego, California

crewmen from the USS ANCHORAGE, employees of defendant UNITED STATES OF AMERICA, negligently dropped a bag of rags which hit plaintiff ABRAHAM CERVANTES on his hard hat causing him severe and disabling injuries while he was working in main engine room no. one.  Defendant UNITED STATES OF AMERICA negligently breached its duty to use due care under the circumstances.  Defendant UNITED STATES OF AMERICA negligently breached its duty to exercise due care to avoid exposing plaintiff to harm from equipment under the active control of defendant UNITED STATES OF AMERICA during repair operations.  Defendant UNITED STATES OF AMERICA actively involved itself in repair operations and negligently injured plaintiff ABRAHAM CERVANTES by dropping the bag of rags onto his hard hat.

7.  As a result of the negligence of the defendant plaintiff was hurt and injured in his health, strength and activity, sustaining serious injuries, all of which injuries have caused and continue to cause plaintiff great mental, physical and nervous pain and suffering and loss of enjoyment of life in an amount to be proven at trial.  Plaintiff is informed and believes that thereon alleges that such injuries will result in some permanent disability to him.

8.  As a further result of the negligence of the defendant plaintiff has incurred and will continue to incur medical and related expenses, the full amount of which is not known to plaintiff at this time, and plaintiff will move to amend his

complaint to state such amount when the same becomes known to him, on proof thereof.  The amount of plaintiff's medical expenses will be proven at trial.

9.  As a further result of the negligence of defendant plaintiff's earning capacity was greatly impaired and plaintiff suffered a loss of wages, fringe benefits wage earning capacity, and ability to perform household services, both past and future.  The exact amount is not known to plaintiff at this time, and plaintiff will state such amount when the same becomes known to him, on proof thereof, and such amount will be proven at trial.

WHEREFORE, plaintiff demands judgment against defendant as follows:

1.  For general damages, past and future, according to proof;

2.  For damages for medical and related expenses, past and future, according to proof;

3.  For damages for lost earnings, both past and future; and loss of earning capacity and fringe benefits, both past and future; and loss of ability to perform household services, both past and future, according to proof;

4.  For all economic damages, past and future, according to proof;

5.  For prejudgment interest, according to proof;

6.  For costs of suit herein incurred; and

7.  For such other and further relief as the Court may deem proper.

Date: June 11, 2025                    s/Preston Easley
                                       PRESTON EASLEY
                                       Attorney for Plaintiff
                                       ABRAHAM CERVANTES